IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO: 3:09-765-CMC |
| ) | |
| vs. ) | |
| ) | |
| STEPHEN H. ROSENBERG, ) | **OPINION and ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter came before the court for trial on March 15, 2010. On March 17, 2010, Defendant was found to be in criminal contempt. This order is entered pursuant to Federal Rule of Criminal Procedure 42(b).

Section 401 of Title 18, United States Code, provides that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as [*inter alia*] misbehavior of any person in its presence." 18 U.S.C. § 401(1). Moreover, Federal Rule of Criminal Procedure 42(b) provides that "[n]otwithstanding any other provision of these rules, the court may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies. The contempt order must recite the facts, be signed by the judge, and be filed with the clerk."

This matter proceeded to jury trial beginning March 15, 2010. On the morning of March 17, 2010, the jury, having been given its charge and during due deliberation, sent the court a note which contained three questions. One of those questions was what the penalty or punishment would be if Defendant was found guilty. Counsel for the Government and standby counsel for Defendant agreed that penalty information should not be provided to the jury. Defendant objected and urged that the

1

question be answered. The court thereafter instructed the jury in open court that the jury's job was to determine whether the Government had proven the charges against Defendant beyond a reasonable doubt, and that punishment was a matter for the court if Defendant were to be found guilty. Therefore, the information which had been sought was not provided to the jury.

Later in the deliberation period, the jury was brought into the courtroom for the purpose of providing cautionary instructions not to discuss the case during the lunch break. Defendant spoke out loudly in front of the jury, advising that he faced five (5) years' imprisonment on Count 1 and ten (10) years' imprisonment on Count 2 if convicted. Defendant was removed from the courtroom and, after consultation with counsel, the jury was instructed to disregard Defendant's outburst and comments and then excused for lunch.

This court certifies that the conduct occurred in the courtroom during the course of the trial and in this court's presence. The conduct was contemptuous and intentional. Defendant had been warned repeatedly by this court that he could not make such outbursts, he knew that the particular information which he provided to the jury had been ruled inadmissable, and he later conceded that his outburst was not only intentional but planned.

The conduct was a clear attempt to interfere with this court's rulings and to interject information which the court had held was improper. The behavior was particularly egregious because Defendant is trained in the law and therefore has a better understanding of what is required in the way of courtroom rules than most defendants. Additionally, at his request, Defendant was allowed to proceed as his own counsel, which carried with it a requirement that he abide by the rules of the court. Defendant had been repeatedly warned that he must control his behavior in the courtroom, and that if he failed to do so, he would be removed by the United States Marshal.

Defendant's behavior raised the possibility of a motion for mistrial. In fact, the Government reserved the right to ask for a mistrial. While ultimately neither party sought a mistrial, Defendant's actions risked the waste of much time on the part of the court, counsel, jury, and witnesses during both the trial and in the many hearings and other proceedings that led up to the trial.

The court therefore finds Defendant, Stephen H. Rosenberg, to be in criminal contempt for misbehavior in its presence, and will impose a sentence of thirty (30) days' incarceration in the custody of the United States Bureau of Prisons. The sentence for this contempt shall formally be imposed at the time Defendant is otherwise to be sentenced on June 16, 2010.

This order shall become final for purposes of appeal upon entry of Judgment Order after sentencing on June 16, 2010.

**IT IS SO ORDERED.**

CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 19, 2010

O:\Orders - Criminal\09-765 Rosenberg criminal contempt order.wpd