IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:09-765-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Stephen H. Rosenberg, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on request of the United States Probation Office (USPO) dated August 21, 2015, for termination of Defendant's supervised release. The USPO has notified this court that Defendant has been under supervision for over a year and is in compliance with the terms of supervision, and that termination of supervision will enable Defendant to relocate and move forward with his life and employment prospects.

Title 18 United States Code Section 3583(e) provides that

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a

1

conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999).

However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id*. at 283 (citation omitted).

Defendant was convicted in this Court of violations of 18 U.S.C. §§ 875(c) and 1503(a) and sentenced to a total of 65 months' imprisonment. Defendant was released from the United States Bureau of Prisons on May 8, 2014, at which time the supervised release terms commenced. Defendant originally had an approved release residence in Virginia, at his mother's home; however, his mother passed away during his final year in custody, so he was required to return to this District to reside. Having no ties to South Carolina and no residence here, Defendant initially intended to relocate back to Virginia, and the USPO in this District initiated contact with the U.S. Probation Office in Alexandria, Virginia. That office agreed to entertain transfer of supervision of Defendant's case as long as he met certain criteria such as applying for Social Security benefits, resuming Veteran's Administration benefits, applying for Medicaid, obtaining a Social Security card, obtaining a permanent residence in South Carolina, and then securing a permanent residence in Virginia. Defendant failed to obtain a permanent residence in South Carolina because he believed that his time in this District would be short-lived, and he was unable to secure a permanent residence in Virginia from South Carolina, although he met all other criteria set out by U.S. Probation in Alexandria, Virginia. Defendant was given permission by the USPO here to travel to Virginia for a week to attempt to locate a permanent residence. Upon learning he was permitted to travel to the Northern District of Virginia without receiving that office's prior permission, the U.S. Probation

2

Office in Alexandria, Virginia, notified the South Carolina USPO that it would not accept supervision of Defendant and that he could not travel to that District or live there while under supervision.

Defendant has been residing in this District and has been compliant with conditions of supervision and cooperative with the USPO. Defendant, a 1971 graduate of the United States Military Academy at West Point, has resumed some concrete projects with his old foreman who resides in Maryland, and has an opportunity to be a regional representative for a paint manufacturer and sales company out of Tennessee. However, to realize this opportunity, Defendant must relocate to either Georgia or Maryland.

Defendant continues to send emails to various people and organizations concerning his beliefs. As directed, however, he has refrained from any email or mail communications with court officials or employees, and has not made any threats in his other communications. As previously indicated, Defendant has been compliant with supervision conditions and cooperative with the South Carolina USPO, and has been on supervision for over a year without any violation behavior. The court agrees with the USPO that continued supervision will not benefit him or the community at this juncture. Therefore, in the interest of justice, the request for termination of supervised release is **granted**.

    **IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 24, 2015